[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is a miscellaneous petition seeking judicial enforcement of two subpoenas issued to Warwick Veterans High School and the respondent, the Best and Brightest Scholarship Committee. The subpoenas were issued pursuant to General Laws 1956 (1988 Reenactment) § 16-39-8. One subpoena ordered Warwick Veterans High School to appear before the Commissioner of Education with the permanent high school records of Nicole Lemay and Jennifer Maguire. The other subpoena ordered the Best and Brightest Scholarship Committee to appear before the Commissioner with any and all records of the candidates and recipients of the scholarship for 1990, and all records used in assessing the qualifications of the candidates.
The facts are as follows: The plaintiff, Nicole Lemay (Lemay) was a senior at Warwick Veterans High School, Warwick, Rhode Island in the year 1989-1990. Lemay applied for the Best and Brightest Scholarship in the 1989-90 school year. R.I.G.L. 1956 (1988 Reenactment) § 16-37 et. seq. established the Best and Brightest Scholarship Act and a scholarship fund for the Best and Brightest of the states high school graduates who planned a career in teaching. Lemay, among other eligible applicants, did not receive a scholarship. Lemay appealed the decision to the Committee. A hearing was held before the Commissioner of Education. The Commissioner of Education issued subpoenas requesting the high school records of Lemay and other scholarship candidates and recipients. Counsel to the Committee objected to the production of school records.
 ENFORCEABILITY OF THE SUBPOENA
 Rhode Island General Laws § 16-39-8 explicitly grants the petitioner the power to enforce subpoenas brought by any party in interest. R.I.G.L. § 16-39-8 establishes the court's power to enforce subpoena as follows:
 If not complied with, subpoena issued under this section shall be enforceable in a contempt action brought in superior court of Providence County by . . . any party in interest.
Pursuant to this grant of authority, the Court will enforce the subpoenas issued to Warwick Veterans High School and the Best and Brightest Scholarship Committee. Warwick Veterans High School must produce the permanent records of Nicole Lemay and Jennifer Maguire. The Best and Brightest Scholarship Committee must produce any and all records of the candidates and recipient of the scholarship.
If either party served with a subpoena found the subpoena unreasonable or oppressive, the proper procedure would be for counsel to promptly file a motion to quash, vacate or move for a protective order.
COMMISSIONER'S JURISDICTION
Rhode Island General Laws § 16-39-1 entitled "Appeal of Matters of Disputes to the Commissioner" authorizes the Commissioner to entertain appeals involving matters that arise under any law relating to school or education. In the case at bar, Lemay is appealing the decision of the Best and Brightest Scholarship Committee because the Committee didn't award a scholarship to Lemay. Lemay's appeal arises from R.I.G.L. §16-37-1 et. seq. The General Assembly established the Best and Brightest Scholarship Committee and Fund pursuant to R.I.G.L. §16-37-1 et. seq. Furthermore, the Best and Brightest Scholarship Fund was established under Title 16, entitled education. The action of the Committee in not awarding the scholarship to Lemay "arises under law relating to school or education as R.I.G.L. §16-39-1 requires.
Rhode Island General Laws § 16-37-5 "Eligibility for Scholarship" governs the criteria the Committee considers in the selection process of recipients. All the requirements refer directly to high school with the exception that the applicant must be accepted for admission at an accredited college in the United States or Canada. Specifically, R.I.G.L. § 16-37-5 reads:
 To be considered for scholarship, all applicants may (a) be a graduating senior at a public, parochial, or private high school in Rhode Island (b) be accepted for admission at an accredited college or university in the United States or Canada (c) Achieve one or more of the following distinctions: (1) Be in the top 10% of the applicant's graduating class as of the end of the second quarter of the senior year (2) Have a score in the ninetieth percentile or above in either mathematics or verbal section of the S.A.T., or have a combined S.A.T. score in the eighty-fifth percentile or above.
Lemay argues that she met all the required criteria. Because the dispute arises out of the scholarship selection process and the high school records, the Commissioner of Elementary and Secondary Education must review Lemay's appeal pursuant to R.I.G.L. § 16-39-8.
APPLICABILITY OF THE PUBLIC RECORDS ACT
The records of Nicole Lemay, Jennifer Maguire, and the other candidates and recipients of the scholarship should be produced because they are not subject to any confidentiality requirement. Rhode Island General Laws "Access to Public Records" 38-2-1 et. seq. permits access to public records yet protects from disclosure information about particular individuals maintained in the files of public bodies when disclosure would constitute an unwarranted invasion of personal privacy. Rhode Island General Laws 38-2.2(d)(1). The statute also enumerates certain records as not public records.
The Committee and the Warwick Veterans High School must produce the school records because all candidates and recipients by virtue of the application process have waived any rights to confidentiality in the matters contained in the application. The recipients and candidates presumably waived confidentiality of the school records by applying for the scholarship and allowing the Committee to review the records during the selection process.
CONCLUSION
For the reasons hereinabove stated, this Court grants plaintiff's amended miscellaneous petition to enforce the subpoena. Counsel will prepare the appropriate judgment for entry.